**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Shane Brooks,

Plaintiff,

v.

Roman, et al.,

Defendants.

Case No. 2:24-cv-00982-APG-NJK

**Amended Order**

[Docket No. 32]

Pending before the Court is Plaintiff's motion to file an amended complaint. Docket No. 32 (motion and proposed first amended complaint).[1] Defendants filed a response in opposition. Docket No. 34. Plaintiff filed a reply. Docket No. 35. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

## I. BACKGROUND

Plaintiff filed the original complaint in this matter on December 22, 2025. Docket No. 11. The instant motion was filed on October 15, 2026. Docket No. 32 at 4. The deadline to amend pleadings and add parties is October 16, 2026. Docket No. 30 at 1.

## II. STANDARDS

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." There is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *See id.* at 1052. Not all of these

[1] The Court liberally construes the filings of *pro se* litigants, particularly those who are prisoners bringing civil rights claims. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

factors carry equal weight and prejudice is the "touchstone." *Id.* Absent a showing of prejudice or a strong showing of any of the remaining factors, there is a presumption that leave to amend should be granted. *Id.* The party opposing the amendment bears the burden of showing why leave should not be permitted. *Underwood v. O'Reilly Auto Enter., LLC*, 342 F.R.D. 338, 343 (D. Nev. 2022).

**III. ANALYSIS**

Plaintiff seeks leave to file a first amended complaint to refine his claims with information learned through discovery, as well as a Fourth Amendment claim.[2] Docket No. 32 at 3-4. Defendants submit that amendment is futile because it is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 34 at 4-5. Defendants also submit that amendment would unduly prejudice Defendants because they would file a motion to dismiss the amended complaint, which would result in undue delay. [3] *Id.* at 6.

In considering the enumerated Rule 15 factors, the Court finds that sufficient grounds exist to allow leave to amend. Although futility can be a basis to deny leave to amend, *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015), courts do not generally deny leave to amend on that ground, *Underwood*, 342 F.R.D. at 346-47. "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). The Court here declines to address futility arguments through the instant motion practice. Additionally, the Court is not persuaded that undue delay caused by Defendants' potential motion to dismiss will result in prejudice when the instant motion was timely filed.

---

[2] Plaintiff seeks leave from the Court to file a 42-page amended complaint to fully encompass four grounds of constitutional rights deprivation claims. Docket No. 32 at 1-2. Defendants do not oppose the length. Docket No. 34. Thus, the Court finds no reason not to allow Plaintiff to file the full length of the amended complaint.

[3] Defendants submit that the motion is untimely under the scheduling order and that Plaintiff failed to satisfy the standards for extending that deadline under Rule 16 of the Federal Rules of Civil Procedure. Docket No. 34 at 2-3. This argument fails from the start as the motion to file an amended complaint was timely. *See Douglas v. Noelle*, 567 F.3d 1103, 1106-07 (9th Cir. 2009) (applying mailbox rule); *see also* Docket Nos. 30 at 1, 32 at 4.

**IV. CONCLUSION**

For the reasons discussed above, Plaintiff's motion for leave to file a first amended complaint is **GRANTED**. Docket No. 32. The Clerk's Office is **INSTRUCTED** to file Plaintiff's first amended complaint. Docket No. 32 at 6-47. No later than **November 24, 2026**, counsel for Defendants must file notice as to whether Defendants waive service or counsel agrees to accept service on behalf of Defendants.

IT IS SO ORDERED.

Dated: November 24, 2026

______________________________
Nancy J. Koppe
United States Magistrate Judge